UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| RICKY BENSON a/k/a | ) | |
| RICKEY BENSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 15-2518-JDT-cgc |
| VS. | ) | |
| | ) | |
| MS. ECHOLS, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*,
DIRECTING PLAINTIFF TO PAY THE $400 CIVIL FILING FEE,
DENYING PENDING MOTIONS (ECF Nos. 3, 5, 8, 9, 12, 13, 14, & 15), AND
PROHIBITING FILING OF FURTHER MOTIONS UNTIL THE FILING FEE IS PAID

On August 3, 2015, Plaintiff Ricky Benson a/k/a Rickey Benson ("Benson"), booking number 15107847, who is incarcerated at the Shelby County Criminal Justice Complex ("Jail") in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 accompanied by a motion for leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Clerk shall record the Defendants as Ms. First Name Unknown ("FNU") Echols, Dr. FNU Townsel, Sheriff William B. Oldham, and Jail Lieutenant ("Lt.") P. Campbell.[1]

Under the PLRA, a prisoner bringing a civil action must pay the full filing fee required by 28 U.S.C. § 1914(a). The statute merely provides the prisoner the opportunity to make a

---

[1] The complaint also purports to sue "Unknown Defendants of Aramark Food Serves for the SCCJC" and "Unknown Assistant Chief" as defendants. Service of process cannot be made on an unidentified party. The filing of a complaint against an "Unknown" defendant does not toll the running of the statute of limitation against that party. *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Bufalino v. Mich. Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968).

"downpayment" of a partial filing fee and pay the remainder in installments. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997) ("[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs."), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

However, not all indigent prisoners are entitled to take advantage of the installment payment provisions of § 1915(b). Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Thus, "[s]uch a litigant cannot use the period payment benefits of § 1915(b). Instead, he must make full payment of the filing fee." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002). The Sixth Circuit has upheld the constitutionality of this provision. *Wilson v. Yaklich*, 148 F.3d 596, 602-06 (6th Cir. 1998).

Plaintiff has filed at least three previous civil rights lawsuits in this district while he was incarcerated that were dismissed for failure to state a claim or as frivolous.[2] Therefore, Plaintiff may not file any action in this district while he is still incarcerated in which he proceeds *in forma pauperis* unless he demonstrates that he is under imminent danger of serious physical injury.

---

[2] *See Benson v. Luttrell, et al.*, No. 08-2825-JPM-dkv (W.D. Tenn. Jan. 9, 2009) (dismissed for failure to state a claim), *aff'd*, No. 09-5145 (6th Cir. Nov. 4, 2009); *Benson v. Luttrell, et al.*, No. 07-2790-SHM (W.D. Tenn. Sept. 11, 2008) (dismissed for failure to state a claim), *appeal dismissed*, No. 08-6277 (6th Cir. July 20, 2009), *cert. denied*, 130 S. Ct. 411 (2009); and *Benson v. Luttrell, et al.*, No. 04-2507-JPM-tmp (W.D. Tenn. Oct. 26, 2004) (dismissed for failure to state a claim).

The assessment of whether a prisoner is in imminent danger is made at the time of the filing of the complaint. *See, e.g., Vandiver v. Vasbinder*, 416 F. App'x 560, 561-62 (6th Cir. 2011); *Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008); *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312-16 (3d Cir. 2001) (en banc).

Benson structures his complaint as seven claims; however, many of the claims simply provide details rather than any new claims, or are simply repetitive of previous claims.

Benson alleges that the medical department and/or the Sheriff and his subordinates are refusing to supplement his vegetarian diet with sufficient protein, which is causing excessive weight loss, body aches and headaches; he contends this constitutes cruel and unusual punishment and violates the Eighth Amendment. (ECF No. 1 at 4.) On March 25, 2015, Benson put in a healthcare request allegedly because his medication is also causing his food to digest quickly which, coupled with his being a vegetarian, is leading to excessive loss of weight. (*Id.* at 2.) On March 27, 2015, he was seen by Nurse Jones, who is not a party to this complaint. Nurse Jones placed him on weight watch and a high protein diet. (*Id.* at 3.) On March 31, 2015, Benson filed a second healthcare request because the high protein diet offered by Aramark Food Services includes meat, which will not benefit him since he is a vegetarian. (*Id.*) He states that he needs the meat in the high-protein diet to be replaced with peanut butter, beans, cheese and milk or a Boost nutritional supplement, but Medical has not attempted to give him additional calories. Because Benson allegedly has not been given a sufficient protein supplement to his vegetarian diet, he has filed numerous grievances (grievance #390700 / appeal #59564 and grievance #362710 / appeal #59565). (*Id.*) Benson has also had to stop taking his medication in an attempt to slow his weight loss. (*Id.*) Benson alleges that the refusal to give him a proper diet

is a conspiracy and constitutes discrimination against him for being a vegetarian and a mental patient. (*Id.*)

Additionally, Benson alleges that the grievance process has been deliberately hindered by the loss, destruction, or confiscation of his paperwork, which he contends violates his "constitutional rights to exhaust available state remedies." (*Id.* at 5.) On March 31, 2015, Benson filed a grievance (#390700) for inadequate and improper medical care because the medical department failed to supplement his vegetarian diet with non-meat high protein foods or a Boost nutritional drink. (*Id.* at 3.) On April 20, 2015, Benson submitted grievance number 390792 stating that grievance numbers 390700 and 362710 had been lost or destroyed since he never received any paperwork. (Grievance 390792, ECF No. 1-3 at 1.) After receiving his paperwork on April 21, 2015, Benson immediately appealed the grievance 390700 appeal number 59564, and gave the appeal to Deputy Jailer Snowden, who is not a party to this complaint. (ECF No. 1 at 3.) On May 29, 2015, Benson discovered that his appeal 59564 was lost, destroyed, or confiscated by Defendant Campbell and unknown assistant Chief because Benson has not received an answer to the aforementioned appeal. (*Id.*) Benson alleges that he was deliberately hindered in filing his appeal to grievance numbers 390700 and 362710 as retaliation and was deprived his constitutional rights to exhaust state remedies under the First and Fourteenth Amendments. (*Id.* at 4.) Further, he discovered that his appeal to grievance #390792, was lost, destroyed or confiscated by Defendant Campbell and the unknown assistant Chief per Sheriff Oldham.

Benson seeks to have the court order Defendants to respect his choice of a vegetarian diet by replacing the meat with non-meat protein options, an award of $5,000 for cruel and unusual

4

punishment and medical care, and $1,000 for the loss, destruction, or confiscation of legal materials. (*Id.*at 6.)

Because Benson has not provided any reason why he must eat a "whole vegetarian" diet, he has not alleged facts showing that he is under imminent danger. *See Sango v. Aramark*, No. 1:15-CV-247, 2015 WL 1632670, at *3 (W.D. Mich. Apr. 13, 2015) (finding that "the fact that a plaintiff has lost some weight, standing alone, falls short of establishing serious physical injury." (citations omitted)); *see also Hudson v. Caruso*, 748 F. Supp. 2d 721, 730 (W.D. Mich. 2010) ("While plaintiffs may want to have halal meat entrees rather than vegetarian entrees and non-meat substitutes, their food preferences, as prisoners, are limited. As the Supreme Court aptly stated in *Rhodes v. Chapman*, 452 U.S. 337, 349 [] (1981), 'the Constitution does not mandate comfortable prisons.'").

The Court's finding that there is no "imminent danger" also extends to Benson's motions to amend or file a "crossclaim" in this action. (ECF No. 10 & 11.) Benson seeks to add additional parties and claims arising from those set forth in the original complaint; therefore, they are more appropriately construed as motions to amend or to supplement the complaint. The Court finds these "crossclaims" also fail to support a finding of imminent danger.

Benson has "failed to plead facts supporting a finding of imminent danger on the date that he filed his complaint." *Taylor v. First Medical Mgmt*, 508 F. App'x 488, 492-93 (6th Cir. 2012). Because this complaint does not come within the exception to 28 U.S.C. § 1915(g), the Court cannot address its merits unless Benson first tenders the civil filing fee. Therefore, the application for leave to proceed *in forma pauperis* is DENIED pursuant to 28 U.S.C. § 1915(g).

Plaintiff is ORDERED to remit the entire $400 civil filing fee within thirty (30) days after the date of this order.[3]

Benson has filed several other motions, including five motions for the "civil docket" or an "updated civil docket" (ECF Nos. 3, 5, 9, 12 & 15), which the Court construes as requests for copy of the docket sheet. The Clerk has provided Plaintiff with several docket sheets, the most recent on February 12, 2016. These motions are all DENIED.[4]

On August 20, 2015, Plaintiff filed a motion to compel discovery. (ECF No. 6.) As no Defendants have been served with process, discovery is premature; therefore, the motion to compel is DENIED.

Plaintiff filed a "Motion for Intervention" on September 4, 2015 (ECF No. 8), in which he states that unknown Jail officials are secretly placing unknown drugs in his food in order to cause his blood pressure to go up so he will have a heart attack. He further states that his grievances are being "abused, neglected, lost, destroyed or confiscated" to keep him from exhausting his remedies. However, Plaintiff does not actually seek any relief from the Court. Therefore, the motion is DENIED. To the extent Plaintiff intends these allegations as a supplement to the complaint, these claims do not support a finding of imminent danger at the time the complaint was filed and will not be screened unless Benson pays the filing fee.

---

[3] Twenty-eight U.S.C. § 1914(a) requires a civil filing fee of $350. However, pursuant to § 1914(b), "[t]he clerk shall collect from the parties such additional fees . . . as are prescribed by the Judicial Conference of the United States." The Judicial Conference has prescribed an additional administrative fee of $50 for filing any civil case, except for cases seeking habeas corpus and cases in which the plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Because the Court is denying leave to proceed *in forma pauperis* in this case, Plaintiff is liable for the entire $400 fee.

[4] Plaintiff does not need to file a "motion" every time he requests a docket sheet. A simple request to the Clerk will suffice.

On February 5, 2016, Plaintiff filed a motion objecting to the undersigned judge presiding in this case (ECF No. 13), which the Court construes as a motion for recusal. Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

In addition, § 455(a) provides that a judge shall be disqualified "in any proceeding in which his impartiality might reasonably be questioned." Circumstances under which a judge must be disqualified include:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceedings;
(2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
(3) Where he has served in governmental employment and in such capacity participated as counsel, adviser, or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case . . . ;
(4) He knows that he . . . has a financial interest in the subject matter in controversy;
(5) He or his spouse . . . :
   (i) Is a party to the proceeding . . . ;
   (ii) Is acting as a lawyer in the proceeding;
   (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
   (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

*Id.* § 455(b).

A judge must be recused if, knowing all of the circumstances, a reasonable, objective person would question the judge's impartiality. *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990). "The standard is an objective one; hence, the judge need not recuse himself

based on the 'subjective view of a party' no matter how strongly that view is held." *Id.* (citation omitted). Bias sufficient to justify recusal must be personal, arising out of the judge's background, and not based on the judge's interpretation of the law. *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988). A judge's participation in the proceedings or prior contact with related cases cannot support a demand for recusal. *Sammons*, 918 F.2d at 599. Sections 144 and 455 are to be read *in pari materia* to require that disqualification be predicated upon extrajudicial conduct, rather than judicial conduct, and to require that the alleged bias and prejudice be personal rather than judicial.[5] *Ullmo ex rel. Ullmo v. Gilmour Acad.*, 273 F.3d 671, 681 (6th Cir. 2001); *United States v. Story*, 716 F.2d 1088, 1096 (6th Cir. 1983). A judge is presumed to be impartial, and a party seeking disqualification bears the burden of alleging facts that would lead a reasonable person to question the neutrality of the judge. *United States v. Adams*, 38 F.3d 1217, 1994 WL 589509 (6th Cir. 1994) (citing *Holt v. KMI Continental, Inc.*, 821 F. Supp. 846, 847 (D. Conn.1993)).

Benson contends that recusal is appropriate only because the undersigned was named as a defendant in *Benson v. Todd, et al.*, No. 14-2583-SHL-dkv (W.D. Tenn. Apr. 9, 2015) (dismissed for failure to pay the filing fee). The Sixth Circuit affirmed Benson's appeal of the denial of pauper status under 28 U.S.C. § 1915(g), No. 14-6329 (6th Cir. Apr. 2, 2015). That is not enough to warrant recusal; therefore, Benson's motion is DENIED.

On February 12, 2016, Benson filed a motion for the Court to rule in this case and for appointment of counsel. (ECF No. 14.) This order satisfies the request for a ruling. Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, "[t]he appointment of counsel in a civil proceeding is not a

---

[5] The Supreme Court has held that § 455(b)'s "extrajudicial source" doctrine also applies to § 455(a). *Liteky v. United States*, 510 U.S. 540, 554-55 (1994).

constitutional right." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *see also Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("[T]he plaintiffs were not entitled to have counsel appointed because this is a civil lawsuit."); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (no constitutional right to counsel in a civil case); *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993) ("There is no constitutional or . . . statutory right to counsel in federal civil cases . . . ."). Appointment of counsel is "a privilege that is justified only by exceptional circumstances." *Lavado*, 992 F.2d at 606 (internal quotation marks and citation omitted). "In determining whether 'exceptional circumstances' exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved." *Id.* at 606 (internal quotation marks and citations omitted). Appointment of counsel is not appropriate when a *pro se* litigant's claims are frivolous or when his chances of success are extremely slim. *Id.* (citing *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985)); *see also Cleary v. Mukasey*, 307 F. App'x 963, 965 (6th Cir. 2009) (same).

Plaintiff has not satisfied his burden of demonstrating that the Court should exercise its discretion to appoint counsel in this case. The motion to appoint counsel is DENIED.

Benson is hereby PROHIBITED from filing further motions and documents in this case until the full filing fee of $400 is remitted. The Clerk is directed to file no further motions or documents in this case until the full filing fee is received.

IT IS SO ORDERED.

   s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE`